**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-2919

———————

RAINY MARIE GIBSON, En Legis, Principal,
                                        Appellant

v.

TIP TOWING AND RECOVERY LLC; JASONE DISENSO, President;
JOHN DOE TOW GUY 1; JOHN DOE TOW GUY 2, USDOT 2907494

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:23-cv-03677)
District Judge: Honorable Edward G. Smith

———————————————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 16, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed February 16, 2024)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se litigant Rainy Gibson appeals from the District Court's decision dismissing her civil pleading for lack of subject-matter jurisdiction. For the reasons that follow, we will affirm that judgment.

I.

In September 2023, Gibson filed in the District Court a "Writ of Replevin Emergency Order to Show Cause" against a towing company, the company's president, and two "John Doe tow guy[s]." That pleading raised a "tre[s]pass on chattles [sic]" claim, alleging that the defendants had unlawfully towed away Gibson's 2014 Honda Odyssey and were refusing to return it to her. In view of these allegations, Gibson sought the return of her vehicle and damages. On October 2, 2023, the District Court, acting sua sponte, construed Gibson's pleading as a civil complaint, dismissed it for lack of subject-matter jurisdiction, and directed the District Court Clerk to close the case. In doing so, the District Court noted that its dismissal was without prejudice to Gibson's ability to pursue her claim in state court. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] Our review of the District Court's decision is plenary. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

---

[1] To the extent that Gibson believes that this appeal arises under 28 U.S.C. § 1292(b), she is mistaken.

"Federal courts are courts of limited jurisdiction . . . ." Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP, 49 F.4th 866, 869 (3d Cir. 2022) [hereinafter Peace Church]. Pursuant to Federal Rule of Civil Procedure 12(h)(3), if a federal district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II), 974 F.3d 228, 232 (3d Cir. 2020) (explaining that the question of jurisdiction may be raised sua sponte).

The District Court invoked Rule 12(h)(3) here, concluding that dismissal was warranted because Gibson's pleading neither presented a federal claim[2] nor triggered that court's diversity jurisdiction. For diversity jurisdiction to lie, (1) there must be complete diversity of citizenship amongst the parties, and (2) the amount in controversy must exceed $75,000. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 375-76 (3d Cir. 2005) (citing 28 U.S.C. § 1332(a)); see also Peace Church, 49 F.4th at 870 (explaining that "complete diversity" means "that at the time the complaint is filed, no party can be a citizen of the same state as any opposing party"). The District Court explained that neither of those requirements was met in this case, for Gibson failed to "plead[] the existence of complete diversity," Dist. Ct. Mem. Op. entered Oct. 2, 2023, at 7 [hereinafter Dist. Ct. Op.]; see McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286

---

[2] A federal district court "ha[s] original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Gibson's pleading mentioned the phrase "due process of law" in passing in her request for damages, it does not appear that she intended for that pleading to raise a due-process claim in addition to her trespass claim. She does not argue to the contrary in her appellate brief.

(3d Cir. 2006) ("The party asserting diversity jurisdiction bears the burden of proof."), and it appeared to a legal certainty that her claim was "for much less than the $75,000 jurisdictional amount," Dist. Ct. Op. 8 n.6.[3]

We see no reason to vacate the District Court's decision. To be sure, the District Court entered that decision without first giving Gibson an opportunity to show cause why her pleading should not be dismissed. See Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988) ("The court below should have allowed [plaintiffs] sufficient time to present evidence or otherwise respond on the issue of jurisdiction before it determined that none existed."). But any oversight on the District Court's part was, at most, harmless error. See generally 28 U.S.C. § 2111 (requiring a reviewing court to issue judgment "after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties"). A remand for further proceedings would be futile, for Gibson has done nothing to show, either in the District Court or here, that she has a potentially viable claim over which the District Court could exercise jurisdiction.

We have considered the arguments in Gibson's appellate brief and find none of them persuasive. Accordingly, and in view of the above, we will affirm the District

---

[3] Gibson alleged that the value of her roughly decade-old vehicle was $100,000, and she demanded that the defendants pay her $10,000 per day for holding it. But the District Court "ha[d] no trouble finding that such monetary demands are not made in good faith." Dist. Ct. Op. 8 n.6; see Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) ("The amount in controversy is determined from the good faith allegations in the complaint.").

Court's judgment. Gibson's request for oral argument is denied. To the extent that she

seeks any other relief from us, that relief is denied, too.